COPY

1  William A. Hanssen (Bar No. 110613)
   Suzanne V. Stouder (Bar No. 161077)
   DRINKER BIDDLE & REATH LLP
2  333 South Grand Avenue, Suite 1650
   Los Angeles, CA 90071-1504
3  Telephone: (213) 253-2300
   Facsimile: (213) 253-2301
4  William.hanssen@dbr.com
   Suzanne.stouder@dbr.com
5
   Attorneys for Plaintiffs
6  LEXINGTON INSURANCE COMPANY, NATIONAL UNION FIRE
   INSURANCE COMPANY OF PITTSBURGH, PA, AMERICAN
7  INTERNATIONAL UNDERWRITERS INSURANCE COMPANY AND
   CHARTIS SPECIALTY INSURANCE COMPANY
8

FILED
CLERK, U.S. DISTRICT COURT

MAR 3 1 2010

CENTRAL DISTRICT OF CA.
BY

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11  LEXINGTON INSURANCE
    COMPANY, NATIONAL UNION
    FIRE INSURANCE COMPANY OF
12  PITTSBURGH, PA, AMERICAN
    INTERNATIONAL UNDERWRITERS
13  INSURANCE COMPANY, AND
    CHARTIS SPECIALTY INSURANCE
14  COMPANY,

15        Plaintiffs,

16    vs.

17  MGA ENTERTAINMENT, INC.,

18        Defendants.

CV10  2355 PSG  (CWx)

COMPLAINT FOR
DECLARATORY RELIEF

19

20

21       Plaintiffs Lexington Insurance Company ("Lexington"), National Union Fire

22  Insurance Company of Pittsburgh, PA ("National Union"), American International

23  Underwriters Insurance Company ("AIU") and Chartis Specialty Insurance

24  Company ("Chartis Specialty") (formerly known as American International

25  Specialty Lines Insurance Company) (collectively, "Plaintiffs") complain of the

26  above-named Defendant as follows:

27  ///

28  ///

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

William A. Hanssen (Bar No. 110613)
Suzanne V. Stouder (Bar No. 161077)
DRINKER BIDDLE & REATH LLP
333 South Grand Avenue, Suite 1650
Los Angeles, CA 90071-1504
Telephone: (213) 253-2300
Facsimile: (213) 253-2301
William.hanssen@dbr.com
Suzanne.stouder@dbr.com

Attorneys for Plaintiffs
LEXINGTON INSURANCE COMPANY, NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA, AMERICAN
INTERNATIONAL UNDERWRITERS INSURANCE COMPANY AND
CHARTIS SPECIALTY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, AMERICAN INTERNATIONAL UNDERWRITERS INSURANCE COMPANY, AND CHARTIS SPECIALTY INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> vs. <br><br> MGA ENTERTAINMENT, INC., <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiffs Lexington Insurance Company ("Lexington"), National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), American International Underwriters Insurance Company ("AIU") and Chartis Specialty Insurance Company ("Chartis Specialty") (formerly known as American International Specialty Lines Insurance Company) (collectively, "Plaintiffs") complain of the above-named Defendant as follows:

///

///

LAW OFFICES <br> DRINKER BIDDLE & <br> REATH LLP <br> Los Angeles

**THE PARTIES**

1.     Lexington is a Massachusetts corporation that maintains its principal place of business in Boston, Massachusetts.

2.     National Union is a Pennsylvania corporation that maintains its principal place of business in New York, New York.

3.     AIU is a New York corporation that maintains its principal place of business in New York, New York.

4.     Chartis Specialty is an Alaskan corporation that maintains its principal place of business in New York, New York.

5.     On information and belief, Defendant MGA Entertainment, Inc. ("MGA") is a California corporation that maintains its principal place of business in Van Nuys, California.

**JURISDICTION**

6.     This is an action, in part, for declaratory judgment pursuant to 28 U.S.C. §2201 for the purpose of determining an actual controversy between the parties. Jurisdiction is based on the diversity of citizenship between the parties. The amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. Jurisdiction is proper pursuant to 28 U.S.C. §1332.

**VENUE**

7.     Venue is proper in this district pursuant to 28 U.S.C. §§1391(a)(3) because MGA resides, may be found, and transacts business in this District.

**NATURE OF ACTION**

8.     Plaintiffs seek a declaration that they are not obligated to defend or indemnify MGA pursuant to certain primary and excess commercial umbrella liability insurance policies in connection with a complaint brought against MGA in the action captioned as *Bernard Belair v. MGA Entertainment, Inc. and Mattel, Inc.*, Case No. 09-CIV-8870 pending in the United State District Court for the Southern District of New York (the "Underlying Action").

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA01/ 344804.1                                   2
COMPLAINT FOR DECLARATORY RELIEF

1    9.    Declaratory judgment is appropriate in this matter because MGA has
2  demanded insurance coverage from Plaintiffs with respect to the Underlying Action
3  and Plaintiffs dispute their asserted obligations to provide such coverage.

4                              **THE POLICIES**

5    10.    Upon information and belief, ABC International Traders, Inc. ("ABC")
6  is the predecessor in interest to MGA.

7    11.    Lexington issued to MGA two primary commercial general liability
8  policies: Policy Number 0308552 with a policy term of January 1, 2006 to
9  January 1, 2007; and Policy Number 0350122 with a policy term of January 1, 2007
10 to January 1, 2008 (collectively referred to herein as the "2006 and 2007 Primary
11 Policies"). Copies of those policies are attached hereto as Exhibits "1" and "2"
12 respectively and are incorporated by reference.

13   12.    AIU issued to ABC an excess commercial umbrella liability insurance
14 policy, Policy Number BE 357-65-76 with a policy term of January 1, 1999 to
15 January 1, 2000 (the "1999 Excess Policy"). A copy of this policy is attached hereto
16 as Exhibit "3" and is incorporated by reference.

17   13.    National Union issued to ABC two excess commercial umbrella
18 liability insurance policies: Policy Number BE 739-31-37 with a policy term of
19 February 24, 2000 to January 1, 2001 (the "2000 Excess Policy"); and Policy
20 No. BE 740-82-85 with a policy term of January 1, 2001 to January 1, 2002
21 (the "2001 Excess Policy"). Copies of those policies are hereto as Exhibits "4"
22 and "5" respectively and are incorporated by reference.

23   14.    Chartis Specialty issued to ABC an excess commercial umbrella
24 liability insurance policy, Policy Number BE 7413666 with a policy term of January
25 1, 2002 to January 1, 2003 (the "2002 Excess Policy"). Chartis Specialty also
26 issued to MGA five excess commercial umbrella liability insurance policies:  Policy
27 Number BE 9745160 with a policy term of January 1, 2003 to January 1, 2004 (the
28 "2003 Excess Policy"); Policy Number BE7414713 with a policy term of

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA01/344804.1                                   3
                        COMPLAINT FOR DECLARATORY RELIEF

1  January 1, 2004 to January 1, 2005 (the "2004 Excess Policy"); Policy Number

2  BE7414970 with a policy term of January 1, 2005 to January 1, 2006 (the "2005

3  Excess Policy"); Policy Number BE9746430 with a policy term of January 1, 2006

4  to January 1, 2007 (the "2006 Excess Policy"); and Policy Number BE7411433 with

5  a policy term of January 1, 2007 to March 1, 2008 (the "2007 Excess Policy").

6  Copies of those policies are attached hereto as Exhibits "6" through "11,"

7  respectively, and are incorporated by reference. Collectively, Plaintiffs' policies

8  shall be referred to herein as the "Policies."

9  ## THE UNDERLYING ACTION

10      15.    In the Underlying Action, Plaintiff Bernard Belair ("Belair") filed a

11  Complaint against MGA and Mattel, Inc. on October 20, 2009. On

12  December 10, 2009, Belair filed an Amended Complaint (the

13  "Amended Complaint").

14      16.    The Amended Complaint alleges that in the later 1990s, Belair created

15  a series of images to be used in advertisements for Steve Madden shoes that featured

16  figures with large heads, large oval eyes, small bodies and large feet.

17      17.    Belair alleges that Carter Bryant testified during the action styled as

18  *Carter Bryant v. Mattel, Inc.*, Case No. 04-09049 (the "Bryant Action") that his

19  Bratz doll sketches were inspired by the Steve Madden shoe advertisements that he

20  saw in Seventeen Magazine. Belair further alleges that there was additional

21  testimony in the Bryant Action that the Bratz sculpts were inspired by a Steve

22  Madden shoe advertisement given to the sculptor by Carter Bryant.

23      18.    Belair alleges that the Bratz dolls and sketches were copied, or

24  derivative, from the Steve Madden images and that he has suffered damages as a

25  result of MGA's and Mattel's infringement of Belair's copyrighted images.

26      19.    Belair alleges that MGA has infringed Belair's copyrighted Belair

27  images by copying the Belair images to create the Bratz line of dolls, toys, games

28  and videos, by creating derivative works of the Belair images in the Bratz line of

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA01/344804.1    4

COMPLAINT FOR DECLARATORY RELIEF

1 dolls, toys, games and videos and by distributing and selling the Bratz line of dolls,
2 toys, games and videos all without the permission of Belair.

3     20.   Based on these allegations, Belair claims, *inter alia*, copyright
4 infringement, unjust enrichment (against Mattel only) and seeks actual damages,
5 statutory damages, disgorgement of Mattel's unjust enrichment, attorney's fees,
6 declaratory and injunctive relief.

7     21.   Belair alleges that MGA and Mattel willfully infringed his
8 copyrighted works.

9 **TRIAL OF THE BRYANT ACTION**

10     22.   During trial in the Bryant Action, undisputed testimony established that
11 the first publication of the allegedly infringing Carter Bryant sketches took place in
12 2000. Specifically, Isaac Larian, the CEO of MGA, testified under oath that the
13 Bratz sketches/two-dimensional prototypes were first exhibited in the United States
14 in November of 2000. In addition, Isaac Larian testified that presentations of Carter
15 Bryant's sketches and two-dimensional Bratz doll prototypes were used to market
16 Bratz to Kmart and Target in November of 2000.

17     23.   Moreover, an email dating December 14, 2000 was introduced into
18 evidence in the Bryant action. That email was sent to a Walmart buying agent in
19 China and Hong Kong and attached drawings of the Bratz dolls with Carter
20 Bryant's signature.

21 **TENDER AND RESPONSE**

22     24.   By letter dated October 27, 2009, MGA provided Plaintiffs with notice
23 of the claims asserted in the Underlying Action.

24     25.   By letters dated March 30, 2010, Plaintiffs reserved all of their rights
25 and defenses under the Policies. As indicated herein, it is Plaintiffs' position that
26 they are not obligated to defend or indemnify MGA in connection with the
27 Underlying Action at this time.

28

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA01/ 344804.1     5

COMPLAINT FOR DECLARATORY RELIEF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# COUNT I

## DECLARATORY RELIEF

### (No Coverage For Claims of Copyright Infringement)

26.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 25 as though fully set forth at length herein.

27.     The 1999 Excess Policy, the 2000 Excess Policy, 2001 Excess Policy, the 2002 Excess Policy, the 2003 Excess Policy, the 2004 Excess Policy, the 2005 Excess Policy, and the 2006 and 2007 Primary Policies are only potentially implicated by claims that fall within the coverage grant and are not excluded by any exclusions. The only claim that is even potentially covered by those Policies is the claim against MGA involving allegations of copyright infringement.

28.     The 1999 Excess Policy, the 2000 Excess Policy, 2001 Excess Policy, the 2002 Excess Policy, the 2003 Excess Policy, the 2004 Excess Policy, the 2005 Excess Policy, and the 2006 and 2007 Primary Policies are only potentially implicated by claims of copyright infringement when such copyright infringement arises solely out of the insured's advertising.

29.     The allegations of the Underlying Action do not claim that the alleged copyright infringement arose solely out of MGA's advertising. As a result, there is no potential coverage under the 1999 Excess Policy, the 2000 Excess Policy, 2001 Excess Policy, the 2002 Excess Policy, the 2003 Excess Policy, the 2004 Excess Policy, the 2005 Excess Policy, or the 2006 and 2007 Primary Policies for the claims of copyright infringement.

30.     Plaintiffs owed and owe no duty to defend or indemnify MGA in connection with the Underlying Action under the 1999 Excess Policy, the 2000 Excess Policy, 2001 Excess Policy, the 2002 Excess Policy, the 2003 Excess Policy, the 2004 Excess Policy, the 2005 Excess Policy, and the 2006 and 2007 Primary Policies.

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA01/344804.1                                   6
COMPLAINT FOR DECLARATORY RELIEF

1    31.  Plaintiffs are entitled to a declaration that they owed and owe no duty
2 to defend or indemnify MGA in connection with the Underlying Action under the
3 1999 Excess Policy, the 2000 Excess Policy, 2001 Excess Policy, the 2002 Excess
4 Policy, the 2003 Excess Policy, the 2004 Excess Policy, the 2005 Excess Policy, and
5 the 2006 and 2007 Primary Policies.

6                              **COUNT II**
7                         **DECLARATORY RELIEF**
8               **(Prior Publication Exclusion Bars Coverage)**

9    32.  Plaintiffs repeat and reallege each and every allegation contained in
10 Paragraphs 1 through 31 as though fully set forth at length herein.

11   33.  The Policies also exclude from coverage any claims arising out of the
12 oral or written publication of material whose first publication took place before the
13 beginning of the policy period.

14   34.  The undisputed facts in the Bryant Action establish that the first
15 publication of the allegedly infringing Carter Bryant sketches took place in 2000.
16 Isaac Larian, the CEO of MGA, testified under oath that the Bratz sketches/two-
17 dimensional prototypes were first exhibited in the United States in November of
18 2000.  In addition, Isaac Larian testified that presentations of Carter Bryant's
19 sketches and two-dimensional Bratz doll prototypes were used to market Bratz to
20 Kmart and Target in November of 2000.  Moreover, an email was sent December
21 14, 2000 to a Walmart buying agent in China and Hong Kong that attached
22 drawings of the Bratz dolls with Carter Bryant's signature.  The undisputed facts
23 from the Bryant Action establish that MGA first published the infringing drawings
24 and sketches in 2000.

25   35.  Because the first publication of the material claimed to infringe Belair's
26 copyrights occurred in 2000, the prior publication exclusion bars coverage for the
27 copyright infringement claims in the Belair Action under the 2001 to 2007 Policies.

28

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA01/ 344804.1                                   7
                    COMPLAINT FOR DECLARATORY RELIEF

1    36.    Plaintiffs owed and owe no duty to defend or indemnify MGA in
2  connection with the Underlying Action under the 2001 Excess Policy, the
3  2002 Excess Policy, the 2003 Excess Policy, the 2004 Excess Policy, the
4  2005 Excess Policy, the 2006 Excess Policy, the 2007 Excess Policy and the 2006
5  and 2007 Primary Policies.

6    37.    Plaintiffs are entitled to a declaration that they owed and owe no duty
7  to defend or indemnify MGA in connection with the Underlying Action under the
8  2001 Excess Policy, the 2002 Excess Policy, the 2003 Excess Policy, the
9  2004 Excess Policy, the 2005 Excess Policy, the 2006 Excess Policy, the 2007
10  Excess Policy and the 2006 and 2007 Primary Policies.

11                              **COUNT III**

12                         **DECLARATORY RELIEF**

13                  **(No Coverage Under 1999 Excess Policy)**

14    38.    Plaintiffs repeat and reallege each and every allegation contained in
15  Paragraphs 1 through 37 as though fully set forth at length herein.

16    39.    With respect to the 1999 Excess Policy, the allegations of copyright
17  infringement against MGA are all premised on MGA's making and selling Bratz
18  dolls and other Bratz toys, games and videos and by making derivative works based
19  on the Belair images. Based on the undisputed testimony from the Bryant Action, as
20  described in Paragraph 34 above, MGA first published the allegedly infringing
21  Carter Bryant sketches **after** the expiration of the 1999 Excess Policy. Indeed, the
22  Bratz sketches/two-dimensional prototypes were first exhibited in the United States
23  in November of 2000. Thus, to the extent that the Amended Complaint alleges
24  copyright infringement arising solely out of the insured's advertisement, which AIU
25  does not concede, any such injury could not have taken place until after November
26  2000. Accordingly, the alleged copyright infringement could not have occurred
27  during the policy term of the 1999 Excess Policy and coverage is barred.

28

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA01/344804.1                                        8

COMPLAINT FOR DECLARATORY RELIEF

1   40.   Plaintiffs owed and owe no duty to defend or indemnify MGA in
2   connection with the Underlying Action under the 1999 Excess Policy.

3   41.   Plaintiffs are entitled to a declaration that they owed and owe no duty
4   to defend or indemnify MGA in connection with the Underlying Action under the
5   1999 Excess Policy.

6   ## COUNT IV

7   ## DECLARATORY RELIEF

8   ### (No Coverage For Claims of Copyright Infringement)

9   42.   Plaintiffs repeat and reallege each and every allegation contained in
10  Paragraphs 1 through 41 as though fully set forth at length herein.

11  43.   Per Endorsement 4, Exclusion L, "Intellectual Property", of the
12  2006 Excess Policy and the 2007 Excess Policy, the Personal Injury and Advertising
13  Injury definition was amended to delete the offenses of "the use of another's
14  advertising idea in your Advertisement" and "infringement upon another's
15  copyright, trade dress or slogan in your Advertisement". Accordingly, the
16  Underlying Action does not allege Personal Injury and Advertising Injury as those
17  terms are defined by the 2006 Excess Policy and the 2007 Excess Policy.

18  44.   Even if the Underlying Action asserted a claim arising out of one or
19  more of the Personal Injury and Advertising Injury offenses arising solely out of
20  MGA's advertising during the policy periods of the 2006 Excess Policy and the
21  2007 Excess Policy, which Plaintiffs dispute, Exclusion L., indicates that these
22  Policies do not apply to any liability arising out of or directly or indirectly related to
23  the actual or alleged publication or utterance or oral or written statements which are
24  claimed as an infringement, violation or defense of copyright, patent, trade secrets,
25  trade dress or trademark, service mark, certification mark, collective mark or
26  trade name.

27  45.   Because Exclusion L of the 2006 Excess Policy and the 2007 Excess
28  Policy bars coverage for copyright infringement, there is no coverage under the

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA01/ 344804.1                                      9
                        COMPLAINT FOR DECLARATORY RELIEF

1  2006 Excess Policy and 2007 Excess Policy for the claims of

2  copyright infringement.

3    46.   Plaintiffs owed and owe no duty to defend or indemnify MGA in

4  connection with the Underlying Action under the 2006 Excess Policy and the

5  2007 Excess Policy.

6    47.   Plaintiffs are entitled to a declaration that they owed and owe no duty

7  to defend or indemnify MGA in connection with the Underlying Action under the

8  2006 Excess Policy and the 2007 Excess Policy.

9                               **COUNT V**

10                          **DECLARATORY RELIEF**

11              **(No Coverage For Claims of Copyright Infringement)**

12    48.   Plaintiffs repeat and reallege each and every allegation contained in

13  Paragraphs 1 through 47 as though fully set forth at length herein.

14    49.   The 2006 and 2007 Primary and Excess Policies bar coverage for

15  "Personal Injury and Advertising Injury committed or alleged to have been

16  committed in any advertising, advertisement, publicity article, book, magazine,

17  brochure, broadcast, written material or telecast in the conduct of the Insured's

18  advertising, broadcasting, re-broadcasting, televising, re-televising, newspaper

19  publishing or other publishing activities."

20    50.   In order to allege a Personal Injury and Advertising Injury under the

21  2006 and 2007 Primary and Excess Policies, the alleged injury must arise solely out

22  of the insured's advertising. As the Policies exclude coverage for a Personal Injury

23  and Advertising Injury committed or alleged to have been committed in any

24  "advertising, advertisement . . . in the conduct of the Insured's advertising,

25  broadcasting, re-broadcasting, televising, re-televising, newspaper publishing or

26  other publishing activities," there is no coverage under the 2006 and 2007 Primary

27  and Excess Policies for the Underlying Action.

28

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA01/ 344804.1                           10
                    COMPLAINT FOR DECLARATORY RELIEF

1  51.  Plaintiffs owed and owe no duty to defend or indemnify MGA in
2  connection with the Underlying Action under the 2006 and 2007 Primary and
3  Excess Policies.

4  52.  Plaintiffs are entitled to a declaration that they owed and owe no duty
5  to defend or indemnify MGA in connection with the Underlying Action under the
6  2006 and 2007 Primary and Excess Policies.

7  **COUNT VI**
8  **DECLARATORY RELIEF**
9  **(No Exhaustion of Retained Limits)**

10  53.  Plaintiffs repeat and reiterate each and every allegation contained in
11  Paragraphs 1 through 52 as though fully set forth at length herein.

12  54.  The 2000 Excess Policy is only potentially implicated upon exhaustion
13  of the Retained Limit, as defined in the policy.

14  55.  Coverage is not provided to MGA for the claims asserted in the
15  Underlying Action under the 2000 Excess Policies because MGA has not met its
16  burden of establishing that the 2000 Excess Policy's underlying Retained Limits
17  have been exhausted.

18  56.  Accordingly, Plaintiffs are entitled to a declaration that they owed and
19  owe no current duty to defend or indemnify MGA in connection with the 2000
20  Excess Policy.

21  **PRAYER FOR RELIEF**

22  **WHEREFORE,** Plaintiffs pray for declaratory judgment finding:

23  1.  Plaintiffs have no obligation to defend or indemnify MGA in
24  connection with the Underlying Action;

25  2.  For such other relief as the Court may deem proper and just in
26  the circumstances.

27  / / /
28  / / /

LA01/344804.1                    11
COMPLAINT FOR DECLARATORY RELIEF

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

1    DATED: March 31, 2010          DRINKER BIDDLE & REATH LLP

2

3                                   By:

4                                      William A. Hanssen
                                       Suzanne V. Stouder
5
                                       Attorneys for Plaintiffs
6                                      LEXINGTON INSURANCE
                                       COMPANY, NATIONAL UNION
7                                      FIRE INSURANCE COMPANY OF
                                       PITTSBURGH, PA; AMERICAN
8                                      INTERNATIONAL
                                       UNDERWRITERS INSURANCE
9                                      COMPANY AND CHARTIS
                                       SPECIALTY INSURANCE
10                                     COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA01/344804.1                                12
                              COMPLAINT FOR DECLARATORY RELIEF

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV10- 2355 PSG (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

William A. Hanssen (SBN 11061)
Suzanne V. Stouder (SBN 161077)
DRINKER BIDDLE & REATH LLP
333 South Grand Avenue, Suite 1650
Los Angeles, CA 90071-1504
Telephone: (213) 253-2300

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| LEXINGTON INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, AMERICAN INTERNATIONAL UNDERWRITERS INSURANCE COMPANY, AND CHARTIS SPECIALTY INSURANCE COMPANY<br><br>PLAINTIFF(S)<br><br>V.<br><br><br>MGA ENTERTAINMENT, INC.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV10 2355**<br><br><br><br>**SUMMONS** |
|---|---|

TO:DEFENDANT(S): <u>MGA ENTERTAINMENT, INC.</u>

A lawsuit has been filed against you.

Within <u>20</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>William A. Hanssen</u>, whose address is <u>333 South Grand Avenue, Suite 1700, Los Angeles, CA 90071-1504</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: MAR 3 1 _____

By: _____
Deputy Clerk

**CHRISTOPHER POWERS**

SEAL

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                  SUMMONS

American LegalNet, Inc.
www.USCourtForms.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| LEXINGTON INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, AMERICAN INTERNATIONAL UNDERWRITERS INSURANCE COMPANY, AND CHARTIS SPECIALTY INSURANCE COMPANY | MGA ENTERTAINMENT, INC. |

| (b) Attorneys (Firm Name Address and Telephone Number. If you are representing yourself, provide same ) | Attorneys (If Known) |
|---|---|
| William A. Hanssen and Suzanne V. Stouder DRINKER BIDDLE & REATH LLP 333 South Grand Avenue, Suite 1650 Los Angeles, CA 90071-1504 Telephone: (213) 253-2300 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Declaratory Judgment 28 U.S.C. Sec. 2201

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☒ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

CV10 2355

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATE DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes

If yes, list case number(s): EDCV 08-0457; EDCV 08-0458; EDCV 08-0459 DOC; EDCV 09-00025; and 04-09049.

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☒ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Lexington- Massachusetts |
| | National Union- New York |
| | AIU- New York |
| | Chartis Specialty- New York |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| MGA- Van Nuys, California- Los Angeles County | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):  _William A. Hanssen_       Date  March 31, 2010

William A. Hanssen

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

American LegalNet, Inc.
www.Forms Workflow.com

Key to Statistical codes relating to Social Security Case

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.Forms Workflow.com